IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHERYL RUDOLPH, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:05cv664-C |
| KELLY AEROSPACE POWER SYSTEMS, ) | |
| INC., ) | |
| ) | |
|    Defendant. | |

## ANSWER

Comes now Defendant Kelly Aerospace Power Systems, Inc. (Kelly) and for Answer to the Complaint of Cheryl Rudolph (Rudolph) states as follows:

1. Kelly admits that Rudolph seeks to invoke the court's jurisdiction pursuant to the federal statutes referred to in the Complaint; but, Kelly denies that it violated Rudolph's rights under any of those statutes. Kelly further denies that Rudolph has fulfilled all of the conditions precedent to the institution of this action as Rudolph has failed to timely and properly file a charge of discrimination with the EEOC and failed to timely file her Complaint.

2. With respect to the allegations contained in paragraph 1 of the Complaint, Kelly admits that Rudolph is an African-American female but is without knowledge or information sufficient to form a belief as to Rudolph's citizenship and residency. Kelly further denies that Rudolph was denied wages, was discharged and was subjected retaliation in violation of law.

3. With respect to the allegations contained in paragraph 2 of the Complaint, Kelly admits that it is an Alabama corporation doing business in Lowndes County, Alabama. Kelly

further admits that it has over 15 fulltime employees and is an employer as that term is defined by applicable law. Kelly denies the remaining allegations contained in paragraph 2 of the Complaint.

4.  With respect to the allegations contained in paragraph 3 of the Complaint, Kelly admits that Rudolph was employed by Kelly on November 11, 2003 as a shipping clerk at Kelly's Fort Deposit, Alabama facility. Kelly further admits that Rudolph's employment was terminated for poor performance on February 6, 2004. Kelly denies the remaining allegations contained in paragraph 3 of the Complaint.

5.  Kelly admits that it employed Renee Branum, a white female on November 12, 2003 to work in Kelly's shipping department. Kelly denies the remaining allegations contained in paragraph 4 of the Complaint.

6.  Kelly is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the complaint.

7.  With respect to the allegations contained in paragraph 6 of the Complaint, Kelly admits that based upon her qualifications and experience, Rudolph was hired at the rate of $7.00 per hour and that based upon her qualifications and experience, Renee Branum was hired at the rate of $8.00 per hour.

8.  Kelly is without knowledge or information sufficient to form a belief as to Rudolph's allegations regarding when she learned about the compensation paid to Renee Branum. Kelly denies the remaining allegations contained in paragraph 7 of the Complaint

9.  Kelly denies the allegations contained in paragraphs 8 and 9 of the Complaint.

10. Kelly admits that Rudolph was terminated from the company on February 6, 2004 because of poor job performance. Kelly denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Kelly denies the allegations named in paragraphs 11 and 13 of the Complaint (there is no numbered paragraph 12 of the Complaint).

12. Kelly admits that Rudolph has filed a charge of discrimination with the EEOC, but denies that the charge was timely and properly filed and that the Complaint was timely filed. Kelly denies the remaining allegations contained in paragraph 14 of the Complaint.

13. Kelly denies that it discriminated against Rudolph on the basis of her race and denies the remaining allegations set forth in paragraphs 15 and 16 of the Complaint.

14. Kelly denies that it is liable to Rudolph in any respect and denies that Rudolph is entitled to any of the relief requested in her Prayer For Relief.

### First Afirmative Defense

Kelly specifically denies every allegation of the Complaint not specifically admitted herein and demands strict proof thereof.

### Second Afirmative Defense

Rudolph's claims of employment discrimination under Title VII are barred as a matter of law as Rudolph failed to properly file a timely charge of discrimination with the EEOC that conforms to the regulatory requirements for such charge and has failed to timely file this lawsuit.

### Third Afirmative Defense

Kelly undertook all of the decisions and/or actions challenged by Rudolph as discriminatory for legitimate non-discriminatory, non-retaliatory, non-pretextual reasons.

### Fourth Afirmative Defense

In the alternative to the preceding affirmative defense, Kelly would have undertaken some or all of the decisions and/or actions challenged as discriminatory in Rudolph's Complaint even had Rudolph not had the protected status alleged.

### Fifth Afirmative Defense

Kelly denies that it has engaged in any unlawful employment practices and that it has discriminated in any manner against Rudolph.

### Sixth Afirmative Defense

Rudolph's race has never been a factor or a determinative influence on any employment decision made by Kelly.

### Seventh Afirmative Defense

The equitable or declaratory relief sought by Rudolph is barred by the doctrine of latches, estoppel or unclean hands.

### Eighth Afirmative Defense

Rudolph's claims for relief are barred by her failure to mitigate damages, if any.

**Ninth Afirmative Defense**

Kelly diligently and continuously exercises reasonable care to prevent and correct promptly any charge of discriminatory behavior in the workplace, including, but not limited to, having a well established equal employment opportunity policy, having a well established complaint procedure and providing complainants with avenues of redress. Rudolph unreasonably failed to take an advantage of the preventive and corrective measures provided by Kelly, including, but not limited to, her failure to file a complaint of discrimination and/or otherwise notify management of any alleged discriminatory behavior.

**Tenth Afirmative Defense**

Kelly took all of its actions with respect to Rudolph in good faith.

**Eleventh Afirmative Defense**

The amount of any compensatory or punitive damages that Rudolph seeks to recover from Kelly is subject to the applicable damage caps.

**Twelfth Afirmative Defense**

The punitive damages sought by Rudolph are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Rudolph's claims for punitive damages are barred further because the acts and omissions, if any, of Kelly which are specifically denied, fail to rise to the level required to sustain an award of punitive damages; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, known, oppressive or fraudulent intent to deny Rudolph her protected rights or to harass or otherwise discriminate against Rudolph; and are not so wanton or willful as to support an award of punitive damages.

**Thirteenth Afirmative Defense**

Any claims for punitive damages by Rudolph cannot be sustained because any award of such damages by a jury that [1] is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a damage award, [2] is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, [3] is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and [4] is not subject to judicial review on the basis of objective standards, would violate Kelly's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional Provisions providing for due process, equal protection and guarantee against double jeopardy.

**Fourteenth Affirmative Defense**

Any claims for punitive damages by Rudolph cannot be sustained because any award of such damages without proof of every element beyond a reasonable doubt would violate Kelly's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

                                      /s/ Charles B. Paterson
                                        One of the attorneys for Defendant,
                                        Kelly Aerospace Power Systems, Inc.

OF COUNSEL:

Charles B. Paterson
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (866) 736-3857
E-mail: cpaterson@balch.com

Alan M. Rauss
KOHRMAN JACKSON & KRANTZ
One Cleveland Center, 20th Floor
Cleveland, Ohio 44114
Telephone: (216)696-8700
Facsimile: (216)621-6536
E-mail: amr@kjk.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 12th day of August, 2005:

Janice Spears-Turk, Esq.
Law Offices of J.D. Spears-Turk
2735 Office Park Circle
Montgomery, Alabama 36116

In addition, I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants this the 12th day of August, 2005.

/s/Charles B. Paterson
Of Counsel