# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL 19 P 3:37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| CHERYL RUDOLPH, | ) |
| Plaintiff, | ) |
| v. | ) |
| KELLY AEROSPACE POWER SYSTEMS | ) CIVIL ACTION NO.: 2:05CV664-C |
| Defendant. | ) JURY TRIAL DEMAND |

## COMPLAINT

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is an action seeking principally declaratory and injunctive relief, reinstatement, back pay, compensatory and punitive damages, and other relief to redress discrimination in employment on the basis of race. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sections 1981, as both were amended by the Civil Rights Act of 1991.

### PARTIES

I

1. Plaintiff Cheryl Rudolph is an African American female, and a resident citizen of Lowdnes County, Alabama. She brings this action against Kelly Aerospace Power Systems alleging she was denied wages, was discharged and subjected to retaliation in violation of the Civil Rights act of 1964 and 42 U.S.C. Section 1981, as amended in 1991.

2. The Defendant, Kelly Aerospace Power Systems, is now and was at all times relevant to these proceedings a corporation qualified to do business in the State of Alabama, and is doing business in the County of Lowdnes. This Defendant has over 15 full time employees, and is an employer as that term is defined by the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

### II

3. Plaintiff, an African American female, was hired by Defendant Kelly Aerospace Power Systems on November 11, 2003 to work in the shipping department. Plaintiff continued to work for Defendant until her termination on February 6, 2004.

4. Defendant employed Plaintiff and a white female to work, performing the same job, in its' warehouse, within days of one another.

5. Plaintiff had prior warehouse experience at a level that the white female worker did not.

6. Plaintiff was hired to work for a lower rate of pay than the white worker.

7. Before being moved to another department to work, Plaintiff learned that she had been hired at a lower rate of pay than her white counterpart, with whom she worked and performed the same job functions. Plaintiff complained to management.

8. Two months into her employment with Defendant, the white female was moved to the stock room. Plaintiff learned through another employee that the white female was being moved because of mistakes she was making. The white female received training from the stock room supervisor, and was assisted in performing her daily duties by the supervisor and another company employee. One week after the white female was moved to the stock room, Plaintiff was then moved to the stock room to perform the same job as the white female. Plaintiff did not receive any

training and did not receive any assistance. Plaintiff requested assistance but did not receive it. Subsequently after complaining, Plaintiff did later receive two forty-five minute training sessions. This was the extend of training received by Plaintiff, while the white female was been trained on a daily basis and being assisted with her regular job duties.

9. While working in the stock room Plaintiff and the white female were required to pull parts and stock parts. Plaintiff unlike the white female, was required to stock the parts, while the white female had an option as to whether or not she chose to do so. Plaintiff complained.

10. On or about February 6, 2004, Plaintiff was terminated from her position with defendant. The white female who experienced difficulty performing her job was allowed to continue working. Plaintiff was informed that the reason for her termination was because she was not performing her job well.

11. Plaintiff contends that the only reason for her termination was because she complained to the Defendant about her pay, the request for training and the difference in treatment she was receiving related to the performance of her job duties verses what was required of the white female who was to perform the same job functions as she.

13. Plaintiff further contends that her termination, and the retention of the white female, who had absolutely no experience, was motivated by racial concerns on the part of the Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### III

14.     Plaintiff Rudolph has submitted a Charge of Discrimination with Equal Employment Opportunity Commissions' Regional Office in Birmingham, Alabama, and has now received her Notice of Rights. She files this complaint within ninety (90) days of her receipt of said Notice, and has therefore exhausted her administrative remedies.

## COUNT I

15. Due to its actions as stated above, Defendant Kelly Aerospace Power Systems has discriminated against Plaintiff Cheryl Rudolph on the basis of her race, in violation of 42 U.S.C. Section 1981, as amended.

16. Due to its actions as stated above, Defendant Kelly Aerospace Power Systems has discriminated against Plaintiff Cheryl Rudolph on the basis of her race, in violation of the Civil Rights Act of 1964, as amended.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that Defendant Kelly Aerospace Power Systems unlawfully discriminated against Plaintiff on the basis of her race, in violation of 42 U.S.C. Section 1981, as amended.

(b) A declaratory judgment that Defendant Kelly Aerospace Power Systems unlawfully discriminated against Plaintiff on the basis of her race, in violation of the Civil Rights Act of 1964, as amended.

(c) Award Plaintiff the sum of $500,000.00 as compensatory damages, and $500,000.00 as punitive damages for the Defendant's willful misconduct;

(d) Award Plaintiff all back pay and benefits she would have received but for the unlawful acts of the Defendant and order her reinstatement to her former position with Defendant, or award Plaintiff front pay in lieu of reinstatement;

(e) Award Plaintiff her costs and expenses in bringing this action, including a reasonable

mey's fee; and,

(f) Award such other alternate relief as the court may deem just and proper.

Respectfully submitted,

*Janice Spears-Turk*
Janice Spears-Turk
Attorney for Plaintiff

COUNSEL

N OFFICES OF J. D. SPEARS-TURK
5 Office Park Circle
itgomery, AL 36116
phone :    (334) 274-0883
simile:     (334) 272-3031